E-filing

FILED

MAR 23 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

FAVOURED DEVELOPMENT LTD.,

Plaintiff,

v.

ALTON LOMAS,

Defendant.

No. C06-02752 MJJ

**ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE**

Pending before the Court is Plaintiff Favoured Development Ltd.'s ("Plaintiff" or "Favoured Development") Motion to Voluntarily Dismiss Complaint Without Prejudice.[1] Defendant Alton Lomas ("Defendant" or "Lomas") opposes the motion. For the following reasons, the Court **GRANTS** Plaintiff's Motion to Dismiss Complaint Without Prejudice subject to the terms and conditions included herein.

**FACTUAL BACKGROUND**

On February 21, 2006, Favoured Development, as the assignee of Printemps, Ltd. ("Printemps"), filed suit against Lomas, in his individual capacity, in the Superior Court of California, County of Marin to recover a loan. The suit stated the following causes of actions: (1) Money Due on an Open Book Account; (2) Account Stated; and (3) Breach of Contract. Lomas filed an Answer on April 21, 2006, and three days later removed the case to federal court based on diversity jurisdiction.

[1] Docket No. 25.

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

Lomas owns Scotia Pacific International, Inc. ("Scotia Pacific"), which operated in a partnership with Printemps for several years. Michael Reynolds ("Reynolds") owned Printemps, a dissolved company, and currently serves as the sole shareholder of Favoured Development.

On August 23, 2006, the Court allowed the parties to conduct limited discovery including one deposition, one document request, and one set of interrogatories to assist the Court in its evaluation of the case. (*See* Minute Entry: Initial Case Management Conference). Lomas noticed a Rule 30(b)(6) deposition and a Rule 30(b)(5) document request. (*See* Defendant's Memorandum of Points and Authorities in Opposition to Plaintiff's FRCP 41(a)(2) Motion to Dismiss Complaint, 2:22.) Plaintiff produced Angelo Pozzi ("Pozzi"), a former consultant to Printemps and Reynolds. Pozzi produced several documents including accounting records associating the debt in question with Scotia Pacific and not Lomas as an individual. (*See* Plaintiff's Motion to Dismiss Complaint Without Prejudice 3:16-17.) Pozzi also produced an unsigned "Partnership Agreement" between Reynolds, as the owner of Printemps, and Lomas, as the owner of Scotia Pacific, that includes an arbitration clause specifying a forum in London, England, the law of England as applicable, and arbitration under the rules of the London Metal Exchange, for disputes between the partners. (*See* Exhibit 1 of Plaintiff's Motion to Voluntarily Dismiss Complaint Without Prejudice Points and Authorities.)

While Plaintiff admits it was aware of an oral arbitration clause between the parties, Plaintiff believed it was inapplicable to the debt in question because the loan was to Lomas individually and not to him as the owner of Scotia Pacific. (*See* Plaintiff's Motion to Dismiss Complaint Without Prejudice 3:13-15.) Plaintiff claims that as a result of the Pozzi deposition it learned, for the first time, that Scotia Pacific was a party to the debt. (*Id.* at 2:16-17.) That fact, and others, are what "persuade[s] Plaintiff to voluntarily dismiss the present claim." (*Id.* at 18.)

**LEGAL STANDARD**

Where, as here, a defendant has served either an answer or summary judgment motion, the plaintiff must obtain court approval to voluntarily dismiss an action: "The action shall not be dismissed at the plaintiff's instance save upon the order of the court and upon such terms and

United States District Court
For the Northern District of California

conditions as the court deems proper." Fed. R. Civ. P. 41(a)(2). The court must then exercise its discretion to determine whether to allow dismissal at all and if so, whether the dismissal should be with or without prejudice and what terms and conditions, if any, ought to be imposed. *Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 145 (9th Cir. 1982).

When ruling on a motion to dismiss without prejudice, the district court must determine whether the defendant will suffer some "plain legal prejudice" as a result of the dismissal. *Westlands Water Dist. v. United States*, 100 F.3d 94, 96 (9th Cir. 1996). The Ninth Circuit defines "plain legal prejudice [a]s prejudice to some legal interest, some legal claim, some legal argument." *Id.* at 97.

Although there is no specific test, the case law focuses on the rights and defenses available to a defendant in future litigation, such as whether a dismissal without prejudice will result in the loss of a federal forum, the right to a jury trial, or a statute of limitations defense. *Id.* at 97. However, the Ninth Circuit has held that "uncertainty because a dispute remains unresolved or because the threat of future litigation . . . causes uncertainty does not result in plain legal prejudice" and "plain legal prejudice does not result merely because the defendant will be inconvenienced by having to defend in another forum or where a plaintiff would gain a tactical advantage by that dismissal." *Smith v. Lenches*, 263 F.3d 972, 976 (9th Cir. 2001).

The Tenth Circuit listed the following practical factors the court should consider: "the opposing party's effort and expense in preparing for trial; excessive delay and lack of diligence on the part of the movant; insufficient explanation of the need for a dismissal; and the present stage of litigation" while acknowledging "these factors are neither exhaustive nor conclusive [and] the court should be sensitive to other considerations unique to the circumstances of each case." *Brown v. Baeke*, 413 F.3d 1121, 1124 (10th Cir. 2005).

## ANALYSIS

### I. Reason for Dismissal of the Case

Plaintiff seeks to voluntarily dismiss the Complaint without prejudice after receiving documentation that the debt it sought to recover was made to Scotia Pacific not Lomas. Plaintiff claims it based the original filing of the action on the documentation then available with reasonable diligence. (*See* Plaintiff's Motion to Voluntarily Dismiss Complaint Without Prejudice 3:4-5.)

United States District Court
For the Northern District of California

Plaintiff argues the documentation it attached to the Complaint ascribed ownership of the debt to Lomas as an individual and distinguished it from all partnership matters accounted to Scotia Pacific, Printemps, or both. (*Id.* at 3:11-15.)

Defendant argues the Complaint should not be dismissed or, in the alternative, be dismissed but only with prejudice as discussed *infra*. Defendant's argument relies heavily on its assertion that Plaintiff knew, or should have known, of the arbitration agreement prior to filing the suit. However, Defendant mistakes Plaintiff's position. Plaintiff admits it knew of the arbitration clause in the partnership agreement prior to the lawsuit, but claims it firmly believed the agreement did not apply to the debt in question. Instead, Plaintiff claims it first learned Scotia Pacific was actually party to the debt and that the debt was subject to the arbitration agreement as a result of the Pozzi deposition. (*See* Defendant's Memorandum of Points and Authorities in Opposition to Plaintiff's FRCP 41(a)(2) Motion to Dismiss Complaint 4:18-19.) As a result, the Court finds Defendant's arguments based on when the Plaintiff knew, or should have known, of the arbitration agreement irrelevant.[2]

Plaintiff's desire to dismiss the Complaint stems from documents uncovered during discovery, which showed Scotia Pacific was the actual party to the debt, not Lomas. Based on its belief that Scotia Pacific is the proper defendant, Plaintiff seeks to withdraw the current case against Lomas. Plaintiff also offers proof of an arbitration agreement between Reynolds, as the owner of Printemps, and Lomas, as the owner of Scotia Pacific, that may ultimately govern any dispute as to the loan. (*See* Exhibit 1 of Plaintiff's Motion to Voluntarily Dismiss Complaint Without Prejudice Points and Authorities ¶3.) Since Defendant does not contest the existence or the validity of the arbitration agreement, and given the existence of such an agreement between Reynolds and Lomas as the owners of Printemps and Scotia Pacific respectively, dismissal is appropriate absent any "plain legal prejudice" to Defendant.

**II. Prejudice to Defendant**

Defendant argues that he will suffer "plain legal prejudice" if the Court dismisses the Complaint without prejudice. Namely, Defendant claims he will be deprived of a federal forum, full

---

[2] To the extent Defendant argues that Plaintiff's filing of this action constituted waiver of the arbitration clause, the Court finds this is a factual question that the Court cannot resolve in favor of Defendant on this record given the conflicting evidence submitted by the parties.

discovery, and the right to a jury trial. Defendant argues that dismissal of the lawsuit assures the loss of a federal forum since Plaintiff suggests it intends to pursue arbitration in an English forum. Defendant also argues that he cannot achieve full discovery through arbitration and, furthermore, that Plaintiff failed to properly comply with the Court's order to allow each side one Rule 30(b)(6) deposition and one Rule 30(b)(5) document request in this case.[3] Finally, Defendant argues it will lose the right to a jury trial if the matter goes to arbitration.

Plaintiff argues Defendant will not suffer "plain legal" prejudice since it has not filed any motions in the matter and has not been subject to discovery. Furthermore, Plaintiff claims Defendant actually obtained extensive and helpful discovery during the Pozzi deposition, which Defendant may use in any ensuing arbitration. Plaintiff also argues that Defendant cannot suffer "plain legal" prejudice as a result of being required to adhere to its arbitration agreement, and cites *Green Tree Financial v. Bazzle*, 539 U.S. 444. 448 (2003) (holding an arbitration agreement supersedes the fact that the agreement may deprive the defendant of a jury).

Defendant fails to show how dismissal of the Complaint will affect any of its legal interests, legal claims, or legal arguments. The Court finds Defendant's arguments regarding prejudice in the forms of loss of federal forum, complete discovery, and right to jury trial unpersuasive. To the extent that any of these losses eventually occur, the loss will flow from the partnership agreement and arbitration clause agreed to by Lomas and not from the Court's dismissal of the Complaint.

To the extent this dispute results in arbitration, the partnership agreement provides that "it is hereby agreed that arbitration will be conducted according to English law in London, England in accordance with LME (London Metal Exchange) arbitration rules." (*See* Exhibit 1 of Plaintiff's Motion to Voluntarily Dismiss Complaint Without Prejudice Points and Authorities ¶11.) London Metal Exchange Rules allow for discovery through witnesses and documents although discretion lies within a tribunal. (*See* Reply Brief to Opposition to Motion to Voluntarily Dismiss Complaint Without Prejudice Points and Authorities 9-10.) Since the rules governing a potential arbitration do allow for discovery, Defendant cannot demonstrate "plain legal prejudice" on that ground.

---

[3] On March 9, 2007, Defendant filed a Request to File Motion to Compel Further Deposition of Plaintiff, Favoured Development, Limited, Pursuant to FRCP Rule 30(b)(6); and the Further Production of Documents By Said Plaintiff. (Doc. #35.) The Court's dismissal of the case renders Defendant's request moot.

United States District Court
For the Northern District of California

The possibility that the dispute will be resolved through arbitration in a foreign jurisdiction does not constitute real prejudice to the Defendant especially since Defendant voluntarily entered into the partnership agreement. Similarly, the uncertainty that will exist after dismissal of the Complaint, and the possibility of future litigation, also do not qualify as real prejudice. *Westlands*, 100 F.3d at 96. The early stage of the proceedings, lack of effort and expense in filing motions or preparing for trial, and sufficient explanation of the need for dismissal all support dismissal of the case without prejudice.

**III. Added Terms and Conditions**

Based on the Court's dismissal of Plaintiff's complaint without prejudice, Defendant requests the Court incorporate the following terms and conditions: (1) Plaintiff, its alter egos, Reynolds, and Printemps stipulate that they must bring any further actions in courts within the United States; (2) Defendant be given an opportunity to complete its noticed Rule 30(b)(6) deposition; and (3) Plaintiff pay Defendant's reasonable costs and attorney fees to date. (*See* Defendant's Memorandum of Points and Authorities in Opposition to Plaintiff's FRCP 41(a)(2) Motion to Dismiss Complaint 8:6-10.) Defendant argues that these conditions are necessary to protect Defendant's right to a federal forum, its right to a jury trial, and its ability to conduct discovery so as to defend against Plaintiff's claims.

The Court denies Defendant's first two requests. Defendant's first condition is at odds with the arbitration clause in the partnership agreement and furthermore Printemps and Reynolds are not parties to this action. As to the second condition, dismissal of the Complaint obviates the need for further discovery in this forum and, as the Court has already noted, the request by Defendant to file a motion to compel further discovery is now moot.

However, the Court grants Defendant's third request as to costs and attorney fees. The Court awards Defendant fees for unnecessary expenses caused by the litigation. The fee award is limited to services incurred in preparing work product that cannot be used in later litigation on the same claim. *Koch v. Hankins*, 8 F.3d 650, 651 (9th Cir. 1993).

Finally, to address an additional concern raised by Defendant at oral argument, the Court will also toll the statutes of limitation, as of the date of this Order, for any counterclaims brought by

Defendant should this matter return to a court within the United States.

**IV. Conclusion**

The Court finds appropriate and **GRANTS** Plaintiff's Motion and **DISMISSES WITHOUT PREJUDICE** Plaintiff's Complaint subject to the following: (1) the Court **AWARDS** reasonable costs and attorney fees to Defendant as described above; and (2) the Court **TOLLS** the statutes of limitations for any counterclaims brought by Defendant as described above. The Court **DISMISSES AS MOOT** Defendant's request to file a motion to compel further discovery.

Defendant shall submit papers supporting his request for costs and attorneys fees no later than twenty-one (21) days from the date of entry of this Order. Plaintiff shall file its opposition, if any, no later than fourteen (14) days after Defendant's filing, at which time the matter will be deemed submitted.

**IT IS SO ORDERED.**

Dated: March 21, 2007

MARTIN J. JENKINS
UNITED STATES DISTRICT JUDGE