UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FAVOURED DEVELOPMENTS LIMITED, <br><br> Plaintiff(s), <br><br> v. <br><br> ALTON A. LOMAS, et al. <br><br> Defendant(s). | No. C06-2752 MJJ (BZ) <br><br> **REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION FOR ATTORNEYS' FEES AND COSTS** |

By order dated April 19, 2007, the Honorable Martin J. Jenkins referred to me for report and recommendation defendant's motion for $194,994.50 in attorneys' fees and costs. Defendant's motion is premised on Judge Jenkins' order dismissing plaintiff's complaint pursuant to Federal Rule of Civil Procedure 41(a)(2). Docket No. 39. Therein, Judge Jenkins granted defendant's request to seek attorneys' fees and costs "for unnecessary expenses caused by the litigation." Id. at 6 (citing Koch v. Hankins, 8 F.3d 650, 651 (9th Cir. 1993)). Having reviewed the papers, I find no need for argument and vacate the hearing scheduled for May 30, 2007.

1

In Koch, the Ninth Circuit held that "a defendant is entitled only to recover, as a condition of dismissal under Fed.R.Civ.P. 41(a)(2), attorneys fees or costs for work which is not useful in continuing litigation between the parties." 8 F.3d at 652.  The Circuit reversed the district court's award of attorneys fees because the bill of costs set forth only lump sum amounts for categories of work, and provided no basis for determining whether or to what degree the work would have been useful in the continuing litigation.  Id.

In light of defendant's papers,[1] I conclude that I cannot conduct a proper Koch analysis.  For one thing, I find that the categories of work utilized by defendant to summarize its billing provide little indication as to what information was gleaned from the work, and whether or how that information may be useful in the forthcoming arbitration.  Unsworn proclamations that the work included within a category has no on-going use are conclusory and are not meaningful.  And while defendant provides with his reply some sworn explanation of the uselessness of some of the work, those explanations relate to a very few of the subcategories.

Moreover, even if defendant's Koch showing is sufficient as to some work categories, the record precludes me from assessing the reasonableness of the requests.   "The most

---

[1] In its opposition, plaintiff objected to my order allowing defendant to file a reply brief.  While I know of no authority barring me from ordering the briefing I find necessary to resolve the questions before me, plaintiff's concerns may have been prescient since the reply included much material which arguably belonged in the motion.  In view of this disposition, plaintiff's objection is **OVERRULED**, as is his request for leave to file an amended opposition.

useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). As the party seeking attorneys' fees, defendant bears the burden of submitting evidence to support the hours worked and rates claimed. Id. at 433. No billing records or detailed summaries were produced.

Plaintiff does not quibble with defendant's rates. The billing summaries provided by defendant, however, do not state which attorneys or paralegals worked on which subcatagorized task, or whether more than one attorney and/or paralegal worked on a task. Thus, I cannot determine how many hours were spent on each task, or whose hours were deployed for what. The cost breakdown also lacks specificity as to the relationship between the costs requested and the work tasks performed.[2] All these concerns are heightened by the substantial size of the request given the limited amount of work that seems to have been done on the case as reflected by the court's docket.

///

///

///

---

[2] The lack of specificity of defendant's summaries is particularly troubling in the Koch context. For example, I may agree with defendant that the information produced by work subcategories 1(a) through 1(e) has no on-going use. I may, however, disagree as to subcategories 1(f) through 1(h). Because defendant has given only lump sum fee figures for all of category one, I have no way of separating out the fees by subcategory to recommend a proper award.

1    For the reasons stated herein, I recommend **DENYING**
2 defendant's request for attorneys' fees and costs.

Dated: May 17, 2007

                                   /s/ Bernard Zimmerman
                                   Bernard Zimmerman
                         United States Magistrate Judge

G:\BZALL\-REFS\Favoured Developments\atty fees.wpd

4