United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

FAVOURED DEVELOPMENTS LIMITED,

Plaintiff,

v.

ALTON A. LOMAS,

Defendant.

_______________________________________/

No. C06-02752 MJJ

**ORDER ADOPTING REPORT AND RECOMMENDATION, DENYING MOTION FOR DE NOVO REVIEW, AND DENYING MOTION FOR EXPANSION OF RECORD**

**INTRODUCTION**

Before the Court is Defendant's Motion For De Novo Review Of The Report And Recommendation On Defendant's Motion For Attorneys' Fees And Costs; For Expansion Of Record, And Amended Written Objection To Magistrate Judge's Report And Recommendation On Defendant's Motion For Attorneys' Fees And Costs In Accord With 28 U.S.C. § 636(b)(1) And Fed. R. Civ. P. 72(b). (Docket No. 79.) After review of the Motion, the Court deems it appropriate for resolution without an opposition from Plaintiff. For the following reasons, the Court **DENIES** Defendant's Motion and **ADOPTS** Magistrate Judge Zimmerman's Report And Recommendation.[1]

**FACTUAL BACKGROUND**

Plaintiff originally filed this action on February 11, 2006, on an alleged loan obligation that it held against Defendant. On January 9, 2007, Plaintiff filed a Motion To Dismiss Without Prejudice

---

[1] The Court **DENIES AS MOOT** Plaintiff's Motion For Clarification Of Briefing Schedule, Expansion Of Time And Relief From Page Limitations Pursuant To Local Rule 7-11. (Docket No. 82.)

United States District Court
For the Northern District of California

pursuant to Federal Rule of Civil Procedure 41(a)(20. In a March 23, 2007 Order, this Court granted Plaintiff's request but imposed conditions on dismissing the matter without prejudice to which Plaintiff stipulated at oral argument, including an award of "reasonable costs and attorney fees" to Defnedant "for unnecessary expenses caused by the litigation", citing the standard established by *Koch v. Hankins*, 8 F.3d 650, 651 (9th Cir. 1993). The Court's March 23, 2007 Order further set a schedule for Defendant's submission of "papers supporting his request for costs and attorneys fees" and an opposition by Plaintiff thereto, and indicated that after receiving Plaintiff's opposition the matter would be deemed submitted.

After Defendant filed its Motion For Award Of Taxable Costs And Attorney's Fees on April 14, 2007, the Court referred the Motion for determination to Magistrate Judge Zimmerman. Upon an administrative request by Defendant, the Magistrate permitted Defendant to file a further reply brief and supporting materials.

On May 17, 2007, the Magistrate field a Report and Recommendation ("R&R") recommending that the Court denying all fees and costs based on the evidence before him, and vacating the hearing date on Defendant's Motion.

On October 15, 2007, this Court granted Defendant leave to file a motion seeking expansion of the record and de novo review of the R&R.

**DISCUSSION**

**A. Expansion Of The Record Is Not Warranted.**

Defendant requests that the Court consider evidence that Defendant did not attempt to put before the Magistrate.

Courts have identified several factors relevant to deciding whether to accept additional evidence after a Magistrate' recommendation has been issued, including the moving party's reasons for not originally submitting the evidence; the importance of the omitted evidence to the moving party's case; whether the evidence was previously available to the non-moving party when it responded to the motion before the Magistrate; and the likelihood of unfair prejudice to the non-moving party if the evidence is accepted.

*See Freeman v. County of Bexar*, 142 F.3d 848, 862 (5th Cir.1998).

The Court finds that these factors do not support allowing Defendant to supplement the record with more detailed billing information than was submitted to the Magistrate.

The evidence that Defendant now seeks to put before this Court was previously available to Defendants, and Defendants have not provided an adequate explanation as to why it failed to introduce this level of detail earlier. The Court finds Defendants' arguments in this regard entirely unconvincing. Defendant contends that the Magistrate "summarily recommended denial . . . without providing Defendant an opportunity to supplement the evidentiary record" (p. 3:5-7) and that the Magistrate was "unwilling[] to entertain additional argument or evidence in the first instance." After reviewing the record, the Court rejects these assertions. This Court's March 23, 2007 order put Defendant on notice that he would need to make a showing to satisfy the *Koch* standard. Moreover, after Defendant filed his request for fees, Plaintiff's opposition specifically challenged the sufficiency of Defendant's showing that the requested fees were of no use in the forthcoming arbitration. The Magistrate expressly granted Defendant leave to file a reply, even though this Court's initial briefing schedule had not contemplated a reply. Defendant's reply was then accompanied by additional detail, which the Magistrate correctly observed "arguably belonged in the motion." The Court rejects Defendant's contention that he did not have an adequate opportunity to put detailed billing information into the record, or to adequately brief the matter.

Moreover, the information that Defendant now seeks to add to the record was not previously available to Plaintiff when it responded to Defendant's original submission to the Magistrate. If accepted into the record by this Court, Plaintiff would be required to unnecessarily re-litigate the fees question on an entirely new record, incurring additional expense as a result of Defendant's failure to adequately documents its fees requests in the first instance.

"The district judge will normally not consider arguments, case law, or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance." *Tenen v. Winter*, 15 F. Supp. 2d 270, 272 (W.D.N.Y. 1998); *see also United States v. Raddatz*, 447 U.S. 667, 673-75 (1980) ("Normally, the judge, on application, will consider the record which has been developed before the magistrate and make his own determination on the basis of that record. . .").

United States District Court
For the Northern District of California

Moreover, "[l]itigants may not . . . use the magistrate judge as a mere sounding-board for the sufficiency of the evidence." *Freeman*, 142 F.3d at 852. The Court finds that there is no reason to depart from these principles here, and therefore denies Defendant's request to expand the record to include billing information not provided to the Magistrate.

**B. The Magistrate Correctly Determined That No Fees Are Appropriate.**

This Court has wide discretion to consider and reconsider the Magistrate's recommendation. *See Raddatz*, 447 U.S. at 673-75. Here, the Court has considered the R&R and agrees with the Magistrate Judge's reasoning.

The Magistrate correctly determined that the record before him did not support an award of any attorney's fees under *Koch v. Hankins*, 8 F.3d 650 (9th Cir. 1993). Defendant bore the burden of submitting evidence to establish the hours worked and rates claimed, but did not provide billing records, detailed summaries, or information at a comparable level of detail. The categories of work utilized by Defendant to summarize did not provide sufficient information to conduct a proper *Koch* analysis as to which work was not useful in continuing litigation between the parties. Moreover, the lack of specificity of Defendant's summaries did not allow a determination as to the reasonableness of the individual requests.

**CONCLUSION**

For the foregoing reasons, the Court **DENIES** Defendant's Motion and **ADOPTS** the R&R.

**IT IS SO ORDERED.**

Dated: October 23, 2007

MARTIN J. JENKINS
UNITED STATES DISTRICT JUDGE